UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANDREW R. SPENGLER,

        Petitioner,

v.                                Case No. 10-C-0772

UNITED STATES OF AMERICA,

        Respondent.

ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION FOR RECONSIDERATION OF THIS COURT'S SEPTEMBER 9, 2010, ORDER, STRIKING THE § 2255 MOTION AND SUPPLEMENTAL § 2255 MOTION/MEMORANDUM AND DIRECTING PETITIONER TO REFILE WITHIN FORTY-FIVE DAYS

On September 3, 2010,[1] Andrew R. Spengler filed this motion pursuant to 28 U.S.C. § 2255, asserting that his conviction and sentence in this court were imposed in violation of the Constitution. On July 26, 2007, a jury convicted Spengler of two counts - Count One charged him with conspiring to injure, oppress, threaten or intimidate two individuals and Count Two with aiding and abetting the deprivation of an individual's protected right, all while acting under the color of law. Spengler was sentenced to 120 months imprisonment as to Count One and 68 months imprisonment as to Count Two on November 29, 2007. His conviction was affirmed by the Seventh Circuit Court of Appeals on June 8, 2009; and, according to the court of appeals docket, the mandate issued on June 30, 2009.[2]

---

[1] According to the mailbox rule, Spengler's § 2255 motion is considered filed by the date he places it in the prison mailing system. *See Houston v. Lack*, 487 U.S. 266, 271 (1988) (a pro se prisoner litigant's papers are deemed to have been filed when they are placed in the hands of prison officials for mailing); *Jones v. Bertrand*, 171 F.3d 499 (7th Cir. 1999) (holding that the *Houston* "mailbox rule" applied to prisoners filing pro se habeas petitions).

[2] It may appear that Spengler's § 2255 motion in untimely, however, even though no petition for writ of certiorari was filed with the United States Supreme Court, his conviction didn't become final for purposes of § 2255(f)(1) until September 6 (or 28), 2009, when the ninety-day period for filing a petition with the Supreme Court expired. *See Robinson v. United States*, 416 F.3d 645, 646 (7th Cir.2005)

**MOTION FOR RECONSIDERATION**

On September 24, 2010, Spengler filed a motion asking this court to reconsider its September 9, 2010, order and to recuse itself pursuant to 28 U.S.C. § 455(a). He asserts that this court's interest in preserving the judgment and sentence in this matter warrant recusal. Further, Spengler maintains that this judge should disqualify himself because he is challenging the constitutionality of several trial and sentencing rulings made by the court. Additionally, Spengler contends that if this court hears the instant matter there will be an appearance of impartiality that may undermine the public's confidence in the judicial process, especially in light of the media attention that the criminal case garnered and his belief that "Judge Clevert has clearly expressed his opinion."

Fed. R. Civ. P. 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Discussing this recusal statue in a case where the petitioner's motion for the district court judge to recuse himself had been denied, the Court observed that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)). The Court added that

> opinions formed by the judge on the basis of facts introduced
> or events occurring in the course of the current proceedings,
> or of prior proceedings, do not constitute a basis for a bias or
> partiality motion unless they display a deep-seated favoritism
> or antagonism that would make air judgment impossible. Thus,
> judicial remarks, during the course of a trial that are critical or
> disapproving of, or even hostile to, counsel, the parties, or their

―――――――――――

("[F]inality attaches for purposes of the one-year limitations period of § 2255 ... when the Supreme Court affirms on the merits on direct review or denies certiorari, or the time for filing a certiorari petition expires." (citing *Clay v. United States*, 537 U.S. 522, 527(2003))).

> cases, ordinarily do not support a bias or partiality challenge. They *may* do so if that reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

*Liteky*, 540 U.S. at 555. In the instant case, Spengler's challenge to this court's prior rulings does not support recusal. He has not established that this court has expressed any opinion or taken any action demonstrating a high degree of favoritism or antagonism that will make fair judgment of the pending motion impossible. At most, he has shown that he is concerned that this court may treat him unfairly. Such showings do not warrant recusal or review by another judge.

Moreover, Rule 4 of the Rules Governing Motions Attacking Sentences Under Section 2255 requires the judge who imposed the sentence to conduct a preliminary review of the motion. See Rule 4(a) of the Rules Governing Motions Attacking Sentences Under Section 2255. Congress obviously intended for the trial judge to perform at least the preliminary review of the § 2255 motion, recognizing that that purpose of the motion is to challenge the sentencing decision(s) made by the judge. Nothing about Spengler's challenges of this court's decisions makes this a unique case necessitating recusal. Further, as noted above, Spengler fails to offer specific opinions or statements that would call this court's partiality into question so as to undermine public confidence in the federal judicial system.

Turning to the order of September 9, 2010, requiring Spengler to file the form § 2255 motion, the court finds that it was unnecessary. Further review disclosed that although the court had not received Spengler's § 2255 motion, it had already been placed in the mail.

-3-

## § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

The court must initially examine the § 2255 motion under Rule 4 of the Rules Governing Motions Attacking Sentences Under Section 2255, which reads:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing Motions Attacking Sentences Under Section 2255.

Section 2255 motions require an assertion that the sentence violated the Constitution or laws of the United States, that the court was without jurisdiction, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255.

On the standard form motion Spengler asserts sixteen grounds for relief, which can be whittled down to five grounds by. First, Spengler claims that this court lacked subject matter jurisdiction. He asserts that his conviction involved the same claim that resulted in a state court acquittal, and that prosecution was barred under the *Rooker-Feldman* doctrine. Spengler also contends that the federal government violated the State of Wisconsin's sovereignty under the Tenth Amendment by prosecuting him for the events for he which he was acquitted in his state case. Further, he maintains that Congress exceeded its power under the commerce clause and the 14th Amendment when enacting 18 U.S.C. §§ 241 and 242 and that enforcement of the statutes exceeded the federal government's power. In support of this contention, Spengler states that the incident underlying in the federal prosecution did not have a substantial effect on interstate

commerce and was beyond the reach of the commerce clause. Moreover, because the State of Wisconsin had already undertaken a criminal prosecution regarding the incident, the federal prosecution violated the Fourteenth Amendment, and was subject to the the doctrines of collateral estoppel and res judicata. Finally, he maintains that the federal prosecution violated of the double jeopardy clause because he asserts that he was acquitted of a lesser included crime, then convicted of a greater offense by the federal government.

Second, Spengler claims that the court imposed a cumulative, unreasonable sentence that violated the double jeopardy clause. In support, he contends that he was sentenced on two counts for the same occurrence, the sentences were run consecutively,[3] and that they were much longer than a sentence imposed in a similar case. Third, Spengler claims that the jury instructions and jury verdict were problematic. He submits that the jury verdict as to Count One was not unanimous because the verdict form makes it impossible to tell which victim's civil rights the jury found him guilty of violating, that the jury instructions were duplicitive, and that the restitution ordered cannot be determined.

Fourth, Spengler contends that the court violated his Sixth Amendment and due process rights to confront witnesses because he was not allowed to cross-examine witnesses regarding their prior police interrogations, statements made at the state trial or admissible convictions and his counsel was not able to argue why Joseph Schabel's testimony should continue. Moreover, Spengler maintains that the structure of the indictment and the plea agreements by the government violated his Sixth Amendment right

---

[3] Spengler's motion indicates that his sentence was imposed concurrently, however, his judgment notes that it was set to run consecutively.

to obtain favorable witnesses because Ryan Lemke's plea agreement did not include a cooperation provision and he was not allowed to call certain other favorable witnesses (either due to court rulings or the witnesses' refusal to testify citing their Fifth Amendment privileges). Additionally, Spengler contends that the government violated Brady by withholding exculpatory evidence and presenting false, perjured evidence.

Fifth, Spengler offers that his trial counsel and his appeal counsel were ineffective. He asserts that his counsel failed to: 1) meet deadlines on appeal; 2) make proper objections during trial; 3) protect his constitutional rights; 4) address the jurisdictional issues identified in this § 2255 motion; and 5) address issues identified in his first and fourth grounds for relief.

The aforementioned grounds appear to assert constitutional or federal law issues. However, upon cursory review of the motion and the supporting memorandum of law, it also appears that several are insufficient.

> A section 2255 motion is neither a recapitulation of nor a substitute for a direct appeal. As a result, there are three types of issues that a section 2255 motion can *not* raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal.

*Belford v. United States*, 975 F.2d 310, 313 (7th Cir.1992), overruled on other grounds by *Castellanos v. United States*, 26 F.3d 717 (7th Cir.1994).

It is worth noting that Spengler's one hundred twenty-four page supplemental motion/ memorandum of law is excessive. Under Civil L.R. 9(a)(1), § 2255 motions are to

be filed on the forms supplied by the court. Although Spengler started out with the court's form, his supplemental motion/memorandum exceeds the provisions of the form. The standard form is meant to expedite consideration of a petitioner's motion. However, Spengler's one hundred twenty-four page supplemental motion/memorandum is unwieldy.

Consequently, Spengler must refile his motion using solely the court's standard form, with additional pages to assert (briefly) his fifth through sixteenth grounds for relief to the extent that they are not duplicative. In addition to the standard-form motion, Spengler may file a supporting brief of no more than thirty pages, as provided in Civil L.R. 7(f). Therefore,

IT IS ORDERED that Spengler's motion for reconsideration of this court's September 9, 2010, order is granted in part and denied in part.

IT IS FURTHER ORDERED that the present motion and supplemental motion/ memorandum are stricken because they violate Civil L.R. 9(a)(1) and are unduly burdensome on the court.

IT IS FURTHER ORDERED that within forty-five days of the date of this order Spengler may refile his motion on the court's standard form, using additional pages for grounds five through sixteen as necessary; in addition, Spengler may file a brief in support of his motion, such brief not to exceed thirty pages as provided in Civil L.R. 7(f).

Dated at Milwaukee, Wisconsin, this 23rd day of June, 2011.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U.S. DISTRICT JUDGE