UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

ANDREW R. SPENGLER,

    Petitioner,

    v.            Case No. 10-C-0772

UNITED STATES OF AMERICA,

    Respondent.

---

ORDER GRANTING MOTION TO AMEND/CORRECT (DOC. 20) AND INSTRUCTING THE CLERK OF COURTS TO SEPARATELY DOCKET THE PROPOSED MOTION (DOC. 20-1), DENYING AS MOOT MOTIONS FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND TO VACATE (DOC. 21, 16, 14 ), DENYING WITHOUT PREJUDICE MOTION FOR DISCOVERY (DOC. 17), DISMISSING MULTIPLE GROUNDS, AND ORDERING THE GOVERNMENT TO FILE AN ANSWER AND RESPONSIVE BRIEF

  After Andrew Spengler filed a second 124-page motion pursuant to 28 U.S.C. § 2255 challenging his 2008 judgment of conviction, he was ordered to re-file on the court's standard form using additional pages for grounds five through sixteen. The court explained that his arguments could be whittled down; however, Spengler continues to assert seventeen grounds for relief. He has since moved to file a third amended motion for the purpose of correcting "clerical errors and [to] make his arguments more clear." The most significant change appears to be the separate assertion at the end of each section that counsel was ineffective in failing to raise the argument. In addition, Spengler has filed multiple motions for leave to proceed in forma pauperis and a premature motion for discovery. Because leave to amend should be freely granted at this stage and there is no prejudice to the government, Spengler's motion to amend will be granted. However, it plainly appears from the face of the third amended motion and the underlying record that some of the grounds he has raised are subject to summary dismissal.

On October 19, 2006, a grand jury sitting in the Eastern District of Wisconsin returned a two-count indictment against Spengler, Jon Bartlett, Daniel Masarik, Ryan Packard, and Ryan Lemke relating to events that took place outside of Spengler's home. Count one charged the defendants with willfully conspiring to injure, oppress, threaten and intimidate Frank Jude and Lovell Harris in the free exercise and enjoyment of rights and privileges secured by the Constitution and laws of the United States (not to be subjected to unreasonable seizure of their person and effects) in violation of 18 U.S.C. § 241. Count two charged the defendants with aiding and abetting the deprivation of a constitutional right (not to be subjected to an unreasonable seizure), all while acting under the color of law in violation of 18 U.S.C. §§ 2 and 242. A jury convicted Spengler, Bartlett, and Masarik on both counts. This court sentenced Spengler to 120 months imprisonment on count one and a consecutive 68 months on count two.

Attorneys Michael Hart and Brian Kinstler represented Spengler throughout the district court proceedings and on appeal. In his appellate brief, Spengler argued that the district court improperly precluded the defense from using Harris's prior conviction and Jude's three prior convictions for impeachment, and unfairly restricted Spengler's cross-examination of Milwaukee Police Officers Jon Clausing and Joseph Schabel. Spengler also asserted two errors with respect to jury instructions: (1) the substantive instruction on conspiracy incorrectly allowed the jury to consider multiple schemes increasing the likelihood that the verdict was not unanimous; and (2) the refusal to provide an instruction for the lesser-included offense. The Seventh Circuit considered these arguments and rejected them without comment, but addressed additional arguments raised by Spengler

2

Case 2:10-cv-00772-CNC    Filed 05/15/13    Page 2 of 9    Document 23

and his co-defendants regarding the sufficiency of the evidence on the conspiracy count and the length of the sentences. *United States v. Bartlett*, 567 F.3d 901 (7th Cir. 2009). The Seventh Circuit affirmed all three convictions and the sentences of Spengler and Masarik. *Id.* The mandate issued on June 30, 2009. Spengler did not pursue a petition for writ of certiorari but filed his initial motion under § 2255 on September 3, 2010.

In his third amended motion and supporting brief filed on June 22, 2012 , Spengler argues that counsel was ineffective in failing to raise the following grounds: (1) the court lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine because the state requested the federal government to prosecute him after he was acquitted in state court; (2) the federal prosecution violated the Tenth Amendment because the acts were local in nature and initially prosecuted by the state; (3) the jury instruction for count one (the violation of 18 U.S.C. § 241) was defective and duplicitious; (4) the Mandatory Victims Restitution Act (MVRA) exceeds Congressional power and violates the Seventh Amendment because the jury did not determine the dollar amount; (5) the conviction and the consecutive nature of the sentence constitutes double jeopardy; (6) the court's ruling on the inadmissibility of Harris and Jude's prior convictions violated his right to confront the adverse witnesses; (7) the government failed to turn over *Brady* documents with respect to Lemke and used perjured testimony of Jude and Detective William Smith; (8) the court's decision to exclude the polygraph procedures with respect to Clausing and Schabel violated his right to confront his accusers; (9) he should have been able to call FBI Agent Mark Robel and use Lemke's prior state testimony, which violated his right to a public trial; (10) 18 U.S.C. § 241 is unconstitutional as applied to him; (11) Congress lacks the

3

authority to enact 18 U.S.C. § 241 because the statute creates Federal common law crimes; (12) 18 U.S.C. § 242 is unconstitutional as applied to him; (13) 18 U.S.C. § 242 is unconstitutionally enacted by Congress; (14) appellate counsel was ineffective; (15) his federal prosecution violates collateral estoppel and res judicata; and (16) he was denied due process rights at trial when a ruling by the court on a co-defendant's argument precluded his counsel from presenting a defense. As a final matter, Spengler believes that the government withheld evidence that would have warranted a severance from his co-defendants.

Section 2255 is an extraordinary remedy because it asks the district court "to reopen the criminal process to a person who has already had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Accordingly, habeas relief pursuant to § 2255 is "reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 633–34, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993)). Section 2255 is not a substitute for a direct appeal. *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007). Moreover, a petitioner cannot raise constitutional issues that he could have but did not directly appeal unless he shows good cause for and actual prejudice from his failure to raise them on appeal, or unless failure to consider the claim would result in a fundamental miscarriage of justice. *Fountain v. United States*, 211 F.3d 429, 433 (7th Cir. 2000). Nor can a petitioner pursue nonconstitutional issues that were not raised on direct appeal regardless of cause and prejudice. *Lanier v. United States*, 220 F.3d 833, 842 (7th Cir. 2000). The only way such issues could be heard in this context is if the alleged error of law represents "a fundamental

4

defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979). Nevertheless, the Supreme Court has held that "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003).

To succeed in an ineffective assistance of counsel claim, Spengler must demonstrate (1) his attorney's performance "fell below an objective standard of reasonableness," and (2) "but for counsel's unprofessional errors the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed.2d 674 (1984). To satisfy the first prong, "the Court must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690. Next, Spengler must demonstrate to a "reasonable probability" that without the unprofessional errors, "the result of the proceeding would have been different." *Id.* at 696. A district court's analysis begins with a "strong presumption that the defendant's attorney rendered adequate representation of his client." *United States v. Meyer*, 234 F.3d 319, 325 (7th Cir. 2000). Thus, Spengler must overcome a heavy burden to prove that his attorney was constitutionally deficient. *Shell v. United States*, 448 F.3d 951, 955 (7th Cir. 2006).

With due regard for the matters discussed above, the court will dismiss all claims that Spengler raised that were rejected on direct appeal notwithstanding his assertion that counsel could have made more compelling arguments. "Once the claim has been rejected

5

on direct appeal, that decision will be binding on the district court through the law of the case doctrine," *United States v. Harris*, 394 F.3d 543, 558 (7th Cir. 2005), and the issues may not be reconsidered in a § 2255 petition absent changed circumstances. *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir.1995). This applies to ground three (substantive jury instruction for count one charges two offenses in one count and did not contain all the elements), ground six (right to impeach Harris and Jude), and ground eight (right to confront Clausing and Schabel). Because counsel raised these arguments and discussed the relevant authority, counsel's performance did not fall outside the wide range of professional competence. That the Seventh Circuit dismissed these claims–even without comment–makes it impossible for Spengler to show that "without the unprofessional errors, the result of his case would have been different."[1]

Next, the court will dismiss Spengler's challenges predicated on a theory that the state court prosecution bars separate proceedings in federal court. Counsel could not be ineffective at the trial or appellate level where the arguments identified had no chance of success. To this end, ground one warrants dismissal because Spengler's acquittal in Milwaukee County Case No. 2005CF001110 on two counts of substantial battery and party to a crime does not implicate the *Rooker-Feldman* doctrine.

Spengler argues that Jude and the State of Wisconsin were state court losers, and submits that the state prosecutor, Aaron Weiss, was a party to the federal case because he was exempt from sequestration. This argument misapprehends the *Rooker-Feldman* doctrine and the nature of the federal proceedings against Spengler. The

---

[1] The court further notes that it would be impossible to show prejudice where the jury instructions for 18 U.S.C. §§ 241 and 242 paralleled the Seventh Circuit's pattern instructions.

6

*Rooker–Feldman* doctrine is a narrow doctrine confined to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered prior to the district court proceedings and inviting district court review of those judgments. *Lance v. Dennis*, 546 U.S. 459, 460, 126 S. Ct. 1198, 163 L. Ed. 2d 1059 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005)). It is only concerned with situations in which the state court's decision is the source of the harm that the federal suit is designed to redress. *Simmons v. Gillespie, No. 12–3381*, 2013 WL 1110872, at *2 (7th Cir. Mar.19, 2013). The Civil Rights Division that investigated the underlying events and the federal prosecutors who indicted Spengler were not state court losers complaining of injuries resulting from a state court judgment. Stated conversely, neither Frank Jude, the state, nor Weiss was a party to the federal proceedings.

Several other grounds for habeas relief raised by Spengler are subject to dismissal because the dual sovereignty doctrine permits successive federal and state prosecutions for the same offense. *United States v. Tirrell*, 120 F.3d 670, 676 (7th Cir. 1997). For example, the double jeopardy clause raised in ground five is inapplicable when two sovereigns prosecute the same defendant. *Id.* Here, Spengler's state acquittal on battery charges did not preclude his federal prosecution on the civil rights violations. Although he attempts to argue that the state used the federal government to bring a successive prosecution, nothing in the record supports this assertion and even significant cooperation between federal and state agencies is not enough to make the prosecution a sham. *Id.* at 677. The dual sovereignty doctrine also requires the dismissal of ground fifteen (the

7

collateral estoppel - res judicata claim), particularly since the United States was not represented during the state court proceedings. *Id.*

Finally, there is no filing fee for a § 2255 motion thereby rendering Spengler's motions to proceed in forma pauperis moot. To the extent that Spengler seeks discovery, such requests are overbroad and premature. Spengler requests any and all statements, agreements, documents, notes, or otherwise, pertaining to him or the events of October 24, 2004, in possession of the government that spawn from Lemke or Bartlett. Spengler also seeks any other *Brady* materials or statements regarding plea negotiations or interviews. In support, he cites the Affidavit of Steven R. Kohn attached to Masarik's motion for *Brady* materials filed in *Masarik v. United States*, Case No. 11-C-48. However, the affidavit states nothing more than Attorney Kohn walked into a room while Bartlett was meeting with law enforcement agents. The record reveals that Bartlett's statements were produced by the government on May 4, 2007, as part of the government's *Brady* obligations. Not only is the statement not exculpatory for Spengler, but there is nothing in the motion or the record to suggest that the pending request is anything more than speculative. Now, therefore,

IT IS ORDERED that Spengler's motion to amend/correct motion is granted. The Clerk's Office shall separately docket the third amended motion to vacate, set aside, or correct sentence filed by Spengler on June 22, 2012, as doc. 20-1.

IT IS FURTHER ORDERED that grounds one, three, four, five, six, eight, and fifteen are dismissed.

8

IT IS FURTHER ORDERED that the government shall file an answer or otherwise respond to the remaining grounds raised in the third amended motion to vacate, set aside, or correct sentence.

IT IS FURTHER ORDERED that Spengler shall file a brief in support of his remaining grounds for relief on or before June 12, 2013.

IT IS FURTHER ORDERED that the government shall file its response on or before July 13, 2013.

IT IS FURTHER ORDERED that any reply shall be filed on or before August 5, 2013.

IT IS FURTHER ORDERED that Spengler's motions for leave to proceed in forma pauperis are denied as moot.

IT IS FURTHER ORDERED that Spengler's motion to vacate, set aside or correct sentenced filed on October 17, 2011, is denied as moot.

IT IS FURTHER ORDERED that Spengler's motion for discovery is denied without prejudice.

Dated at Milwaukee, Wisconsin, this 15th day of May, 2013.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE

9

Case 2:10-cv-00772-CNC   Filed 05/15/13   Page 9 of 9   Document 23